## WIENER *v.* NEW YORK EL. R. Co. *et al.*

### (Supreme Court, General Term, First Department. December 31, 1891.)

ELEVATED RAILROADS—DAMAGES TO ABUTTING PROPERTY—SET-OFF.

　In an action to recover damages for the erection and maintenance of defendants' elevated railroad in the street in front of plaintiff's premises, where the referee finds no consequential damages, but only the actual value of the easements, it is not error to refuse to set off against the consequential damages the benefits resulting to the premises from a neighboring station of the road.

Appeal from judgment on report of referee.

Action by Samuel Wiener against the New York Elevated Railroad Company and the Manhattan Railway Company to recover damages caused by the erection and maintenance of defendants' elevated railroad in the street in front of plaintiff's premises, and for an injunction. Defendants appeal from a judgment entered upon a report of a referee in favor of plaintiff. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

*Davies & Rapallo,* (*Julien T. Davies* and *J. C. Thomson,* of counsel,) for appellants. *Peckham & Tyler,* (*Lewis L. Delafield* and *Henry A. Forster,* of counsel,) for respondent.

BARRETT, J. The first point upon which a reversal is here asked is that the referee erred in refusing to set off the benefits resulting to the plaintiff's premises from a neighboring station of the defendants' railway against any consequential damages accruing to the property from the maintenance of the structure. The short answer to this point is that the referee found no consequential damages, but only the actual value of the easements, and consequently the request upon which the point is founded was a mere abstract proposition. We need not, therefore, consider the soundness of the request. But it would not have surprised us if the referee had erred in passing upon these specious and prolix propositions; for they partake very much of the nature of modern "requests to charge," and seem to have been prepared solely for the purpose of excepting to processes of reasoning rather than to legal conclusions, properly so-called. That the referee found no consequential damages is plainly evidenced by his fifth and sixth conclusions of law, which read as follows: "*Fifth.* The defendants should not be required to pay for the easements in question, as a condition for avoiding the operation of any injunction herein, any greater sum than one sufficient to compensate plaintiff for the injuries caused by the perpetual taking of the easements aforesaid for the maintenance of defendants' said railroad as at present maintained. *Sixth.* The sum fixed, which the defendants may pay to obviate the injunction herein, should not be greater than the value of so much of the easements of light,

air, and access appurtenant to plaintiff's premises as are impaired by the defendants' said railroad, and excluding all other incidental injuries to the fee value of said premises resulting from the acts of the defendants." The rule contended for by the defendants is stated in these findings, and it would not have been a conclusion of law to state how the "sum fixed" was arrived at. But it is apparent that the matter embraced in the defendants' request was actually considered by the referee in arriving at the conclusion he did with regard to the value of the impaired easements; for he found as a fact that "the proximity of the defendants' said station to the premises in suit is advantageous to the business portion of said premises, and produces a special benefit to the same for business uses." Upon this he also found as a conclusion of law "that the damage, if any, to the use of the premises included in any recovery in this action should be computed with respect to the actual condition of said. premises, and the uses to which the same have actually been put during the time for which such damages are awarded." In other words, he considered the condition of the premises as respects their proximity to the station. And he also considered the special benefit to the store resulting from the uses to which it has been put; that is, its uses as affected by such proximity to the station. What the referee was specifically asked to do, was to find the impossible. How could he set off the benefits resulting from the proximity of the station to the business portion of the plaintiff's premises against any consequential damages accruing to the entire property? No foundation was laid for the application of such a rule. The precise measure of benefit was not proved, and was of course impossible of proof. What the defendants believed themselves entitled to, and what they doubtless desired to secure, was general consideration of the advantages which the plaintiff derived from the proximity of the defendants' station. That consideration seems to have been given by the referee. There certainly was no error, after properly finding the value of the easements, and making the correct conclusion of law on that head, in refusing to find that advantages which were unliquidated should be "set off" against damages which were not found. The judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., concurs in the result. ANDREWS, J., concurs.